IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ADAM MARTIN, individually and on behalf of the                                      PLAINTIFFS
Wrongful Death Beneficiaries of
JOE A. MARTIN, SR., Deceased; and
ADAM MARTIN, as Executor
of the Estate of JOE A. MARTIN, SR., Deceased

V.                                                      CIVIL ACTION NO. 3:18CV253-NBB-JMV

ELANA THOMAS and                                                      DEFENDANTS
DOLLAR GENERAL CORPORATION

## **MEMORANDUM OPINION**

This cause comes before the court upon Plaintiff's motion to remand. Upon due consideration of the motion, response and applicable authority, the court is ready to rule.

Factual and Procedural Background

Plaintiff, Adam Martin, brings this wrongful death suit individually and on behalf of the beneficiaries of Joe A. Martin, Sr., Deceased, and as executor on behalf of the Estate of Joe A. Martin, Sr., Deceased.

On May 21, 2017, Joe A. Martin arrived on the premises of Dollar General's location on West Bankhead Street in New Albany, Mississippi. Martin allegedly slipped and fell in a puddle of blowing bubbles product and possibly other liquid on the floor of an aisle in the store. Forty-one days after the incident, on July 1, 2017, Martin died as a result of the injuries sustained in his fall.

Plaintiff filed this case in Union County Circuit Court on October 29, 2018, alleging wrongful death and negligence against the Defendants Elana Thomas and DolGenCorp,

improperly named as Dollar General Corporation. On December 4, 2018, Defendants filed their Amended Notice of Removal to substitute DolGenCorp for Dollar General Corporation.

Standard of Review

The federal removal statute, 28 U.S.C. § 1441(a), allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Original federal diversity jurisdiction exists, "where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). Diversity of citizenship that has been improperly or collusively manufactured is proscribed by statute. 28 U.S.C. 1359.

Subsection (b) of the federal removal statute specifies citizenship of the parties is not regarded when removing suits falling under federal law. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). All other suits are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id*. (quoting 28 U.S.C. § 1441(b)). Further, the burden is on the removing party to establish federal jurisdiction. *Doss v. NPC Int'l, Inc.*, No. 4:10-CV-17-SA-DAS, 2010 WL 1759153 at *2 (N.D. Miss. April 29, 2010) (quoting *Massarella v. The Lane Co., Inc.*, 298 F. Supp. 2d 430, 432 (N.D. Miss. 2003)).

Following removal to the federal district court by a defendant, a plaintiff may file a motion for remand, and "[i]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). After a motion to remand is filed, there is a heavy burden on the party seeking to maintain federal jurisdiction to show the requirements for removal

have been met. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *certiorari denied*, 516 U.S. 865 (1995); *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Moreover, removal statutes must be strictly construed in favor of state court jurisdiction and against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941).

Analysis

Plaintiff alleges Defendants have not met their heavy burden of proving that removal is proper. Plaintiff argues it is undisputed that complete diversity is lacking because the decedent was a citizen of Mississippi and Defendant Elana Thomas is a citizen of Mississippi. Improper joinder of a party to defeat diversity jurisdiction can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (5th Cir. 2004) (en banc) (quoting *Travis*, 326 F.3d at 646-47). In establishing a cause of action against the non-diverse party in state court, "there must be a reasonable possibility of recovery, not merely a theoretical one." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).

Defendants argue that Plaintiff cannot establish a cause of action against Thomas. Defendant's burden of proving improper joinder is, however, a heavy one. *Kling Realty Co. v. Chevron United States, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009). The court must, therefore, determine if Defendants "demonstrated that there is no possibility of recovery by [Plaintiff] against [Thomas]." *Id.*

Plaintiff alleges he has stated a claim against Defendant Elana Thomas that would survive a Rule 12(b)(6) challenge and asserts the court should not pierce the pleadings to consider Thomas's affidavit. In ruling on a motion to remand when improper joinder has been

asserted, the court initially looks at the allegations and conducts a Rule 12(b)(6)-type of analysis to ascertain "whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. Ordinarily, there is no improper joinder if the plaintiff survives a 12(b)(6) challenge. *Id*. There are some cases, however, where a plaintiff states a claim, but because the plaintiff misstates or omits discrete facts that would determine the propriety of joinder, the court may pierce the pleadings and conduct a summary inquiry. *Id*.

All of Plaintiff's specific allegations against Thomas in his complaint involve inadequate management. Plaintiff first alleges, "On information and belief, Defendant, Elana Thomas, was the store manager of Dollar General in Union County, Mississippi, at the time of Joseph Martin's injury which led to his death. . . ." Plaintiff further alleges, "At all times material to this Complaint, Defendant Thomas was an agent, servant and/or employee of Defendant Dollar General. Furthermore, Defendant Thomas was charged with the responsibility of operating and making safe the Dollar General store in question." Last, Plaintiff alleges, "At all times relevant to the issues made the basis of this suit, Defendant Thomas was acting within the line and scope of her employment as the agent, servant or employee of the Defendant Dollar General."

It appears the Plaintiff has misstated, or at least omitted facts that could determine the propriety of joinder. The court may, therefore, pierce the pleadings. Defendants have produced undisputed evidence in the form of an affidavit that Thomas was not the manager on duty nor present on the day the decedent was injured. Thomas was, therefore, not charged with the responsibility of operating and making safe the Dollar General store in question or acting within the line and scope of her employment on the day of the accident.

The law in Mississippi as to whether a store manager is a "person in charge" for the purpose of liability is unclear. *See Doss v. NPC Int'l, Inc.*, No. 4:10-CV-17-SA-DAS, 2010 WL 1759153, at *4 (N.D. Miss. Apr. 29, 2010). In *Smith v. Petsmart, Inc.*, 278 F. App'x. 377, 378 (5th Cir. 2008), a store manager was dismissed for improper joinder by the district court. On appeal, the Fifth Circuit Court of Appeals reversed and remanded the decision citing the Mississippi Supreme Court's general principle of premises liability, stating,

> [T]he owner, occupant, or person in charge of premises owes to an invitee or business visitor a duty of exercising reasonable or ordinary care to keep the premises in reasonably safe and suitable condition or of warning [the] invitee of dangerous conditions not readily apparent which [the] owner knows or should know of in the exercise of reasonable care.

*Id.* (quoting *Mayfield v. The Hairbender*, 903 So. 2d 733, 735-36 (Miss. 2005)). The Fifth Circuit acknowledged in *Petsmart* the two differing conclusions the district courts reached in *Griffin v. Dolgen Corp., Inc.*[1] and *Holt v. Cato Corp.*[2] *Id.* at 380. The court stated, "because we must 'resolve all uncertainties [in the relevant state law] in favor of the non-moving party,' we assume that under Mississippi law a store manager may qualify as a 'person in charge of the premises.'" *Id*. Moreover, the court in *Petsmart* found one fact critical – the store manager was the only manager on duty at the time of the accident. *Id.* at 381.

Plaintiff argues that *Petsmart* specifically cited and rejected *Griffin*. *Griffin* stood for the proposition that store managers are not liable for the personal liability of

---

[1] *Griffin v. Dolgen Corp.*, 143 F. Supp. 2d 670, 671-72 (S.D. Miss. 2001).

[2] *Holt v. Cato Corp.*, No. 4:99:CV:109, 1999 U.S. DIST. LEXIS 2025, at *4-9 (N.D. Miss. 1999).

customers absent some act on the part of the manager. *Griffin*, 143 F. Supp. 2d at 671-72. The *Petsmart* court, however, only noted the split in the decisions of the district courts and compared them in a footnote. *Id.* at 380. The critical fact in *Petsmart* was that the store manager was the only manager on duty at the time of the accident. *Id.* at 381. In the case at hand, Thomas was *not* the store manager on duty the day of the accident.

Although Thomas was not in the store on the day of the accident, Plaintiff argues the allegations still show "at the very least, a failure to prevent a tortious act that the manager knows or reasonably should know was occurring." *Doss,* 2010 WL 1759153 at *5. In *Doss*, the Plaintiffs contracted food poisoning at a Pizza Hut due to the defendant's negligent preparation and storage of their food. *Id*. at *1. Distinguishing its case from *Petsmart*, the court noted the critical fact that the defendant in *Petsmart* was the only store manager on duty and held the plaintiffs had no reasonable possibility for recovery because the defendant store manager in *Doss* was not working on that day. *Petsmart, Inc*., 278 F. App'x. at 381. The court stated that premises liability cases such as this "require some degree of involvement by the managing individual, whether it be in the form of direct participation, authorization, direction, consent, acquiescence, or, at the very least, a failure to prevent a tortious act that the manager knows or reasonably should know was occurring." *Doss,* 2010 WL 1759153 at *5. Like the store manager in *Doss*, Thomas was not on duty the day of the accident. Thomas, therefore, had no way of knowing there was a tortious act to prevent.

The court finds that Thomas was improperly joined and dismisses her from the case. Thomas was not the manager on duty the day of the accident as Plaintiff's

complaint alleged. Thomas cannot be considered acting within the line and scope of her employment on the day of the incident when she was not even present. No viable claim was, therefore, stated against Thomas.

## Conclusion

For the foregoing reasons, the court finds that Plaintiff's motion to remand is not well taken and should be denied. A separate order in accord with this opinion shall issue this day.

This, the 27th day of August, 2019.

                                           /s/ Neal Biggers
                                         NEAL B. BIGGERS, JR.
                                         UNITED STATES DISTRICT JUDGE